UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JEREMY D. JONES, | Case No. 25-CV-4146 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES FEDERAL BUREAU OF PRISONS; PAMELA BONDI, United States Attorney General, in her individual capacity; WILLIAM K. MARSHALL, III, Federal Bureau of Prisons Director, in his individual capacity; RICK STOVER, Federal Bureau of Prisons Assistant Director, in his individual capacity; FEDERAL BUREAU OF PRISONS DESIGNATION & SENTENCE COMPUTATION CENTER; LINDA GETER, Senior Deputy, in her individual capacity; NICOLE FEDO, FCI Sandstone Case Manager, in her individual capacity, | |
| Defendants. | |

Plaintiff Jeremy Jones, a federal prisoner, filed this civil-rights action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that prison officials wrongly concluded that he is ineligible to receive time credits under the First Step Act of 2018 ("FSA"). In a November 4, 2025, Report and Recommendation ("R&R"), Magistrate Judge David T. Schultz explained in detail why Jones's *Bivens* claims fail and why it would not be useful to reinterpret his complaint as a habeas petition. ECF No. 8.

Jones did not object to the R&R, but instead filed a number of documents and motions. Most recently, he filed a notice voluntarily dismissing his claims for FSA time credits. ECF No. 14. As those are the only claims in his operative complaint, that would seem to require dismissal of this case altogether. However, Jones has also filed two motions to amend his complaint.

The first motion to amend seeks to add claims under the Fifth and Eighth Amendments, but says nothing whatsoever about the substance of these proposed new claims or the alleged facts on which they are based. *See* ECF No. 9. That motion is therefore denied.[1]

The second motion seeks to add two new defendants as well as a claim for deliberate indifference under the Eighth Amendment.[2] His proposed deliberate-indifference claim has nothing to do with the claims in his original complaint, however, and his motion to amend is denied for that reason. *See Roby v. McCoy*, 316 F. App'x 527, 529 (8th Cir. 2009) (per curiam) (no abuse of discretion in denying leave to add unrelated claims); *Fuller v. Sec'y of Def. of U.S.*, 30 F.3d 86, 89 (8th Cir. 1994) (same).

---

[1] The first motion to amend also seeks an emergency injunction "due to the 'Irreparable Harm' [Jones] is suffering." ECF No. 9. Jones does not identify the harm nor the claims under which he is seeking preliminary relief. Regardless, this aspect of his motion is moot, as he has voluntarily dismissed his only pending claims and the Court is denying his motions to amend.

[2] The second proposed complaint also includes FSA claims; as noted, Jones has now voluntarily dismissed those claims. *See* ECF No. 14.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Pursuant to plaintiff's notice of voluntary dismissal [ECF No. 14], plaintiff's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE.

2. Because the Report and Recommendation [ECF No. 8] is moot, the Court DECLINES to adopt it.

3. Plaintiff's motion [ECF No. 9] is DENIED insofar as it seeks leave to amend and DENIED AS MOOT insofar as it seeks injunctive relief.

4. Plaintiff's motion to amend [ECF No. 12] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: December 4, 2025

Patrick J. Schiltz, Chief Judge
United States District Court